01

02

03

04

05

06

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEMAR RHOME,                                    )     Case No. C06-1207-JLR-JPD
                                               )
          Petitioner,                          )
                                               )
     v.                                        )     ORDER DENYING PETITIONER'S
                                               )     MOTION FOR APPOINTMENT
WASHINGTON STATE PENITENTIARY,  )     OF COUNSEL
                                               )
          Respondent.                          )
_____ )

The present matter comes before the Court on petitioner's motion for appointment of

counsel. Dkt. No. 20.  The Court, after careful consideration of the petitioner's motion,

supporting materials, all governing authorities and the balance of the record, does hereby find

and ORDER:

     (1)     Petitioner's motion for appointment of counsel (Dkt. No. 20) is DENIED.

There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254 unless an

evidentiary hearing is required.  *Terravona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988);

*Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir. 1992); *see also* Rules Governing § 2254

Cases in U.S. District Courts 8(c).  An evidentiary hearing is required only if (1) the

petitioner's allegations, if proved, would establish the right to relief; and (2) the state court

trier of fact has not, after a full and fair hearing, reliably found the relevant facts. *Van Pilon v.*

*Reed,* 799 F.2d 1332, 1338 (9th Cir.1986).  The Court may exercise its discretion to appoint

ORDER DENYING PETITIONER'S MOTION
FOR APPOINTMENT OF COUNSEL
PAGE - 1

01 counsel for a financially eligible individual where the "interests of justice so require." 18

02 U.S.C. § 3006(A).

03        Here, petitioner has provided no factual or legal basis that indicates an evidentiary

04 hearing is required.  Petitioner's current motion also fails to demonstrate that the interests of

05 justice are best served by appointment of counsel in this matter at the present time.  Moreover,

06 by separate order, this Court has recommended that petitioner's § 2254 petition be dismissed

07 without prejudice for failure to exhaust state court remedies.  *See* Dkt. No. 26.  Because

08 appointment of counsel is not appropriate at the present time, petitioner's motion is DENIED.

09        (2)      The Clerk shall direct copies of this Order to petitioner, to counsel for

10 respondent, and to the Honorable James L. Robart.

11

12        DATED this 24th day of October, 2006.

13

14

15                                              _____
                                                 JAMES P. DONOHUE
                                                 United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

ORDER DENYING PETITIONER'S MOTION
FOR APPOINTMENT OF COUNSEL
PAGE - 2