01
02
03
04
05
06
07

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEMAR RHOME,                              )
                                         )   Case No. C06-1207-JLR-JPD
              Petitioner,                )
                                         )
       v.                                )
                                         )   REPORT AND RECOMMENDATION
WASHINGTON STATE PENITENTIARY,           )
                                         )
              Respondent.                )
                                         )
_____ )

## I.  INTRODUCTION AND SUMMARY CONCLUSION

Petitioner, a state prisoner, has filed an amended *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On September 12, 2006, this Court declined to serve to petitioner's 28 U.S.C. § 2254 petition for failure to name a proper respondent and failure to exhaust state court remedies.  Dkt. No. 11.  The Court explained these deficiencies to petitioner and gave him thirty days to correct them.  On September 22 and October 11, 2006, petitioner filed an amended petition.  Dkt. Nos. 14, 18.[1]  After careful consideration of the petition,

---

[1] For unexplained reasons, petitioner filed the first eight pages of his amended petition on September 22, 2006, and the final eight pages on October 11, 2006.  However, because both portions were filed within thirty days of the Court's Order Declining Service, petitioner's amended   petition is timely.

REPORT AND RECOMMENDATION
PAGE - 1

01 supporting materials, governing law and the balance of the record, the Court recommends that

02 the petition be DISMISSED without prejudice for failure to exhaust state court remedies.

II.   FACTS AND PROCEDURAL HISTORY

04     In 2006, petitioner was convicted in King County Superior Court of one count of first

05 degree murder and sentenced to 347 months in prison.  On April 14, 2006, petitioner appealed

06 his conviction to the Washington Court of Appeals, Division One.  That appeal is still pending.

07 *See* Case No. 580-72-8 (Wash. Ct. App. filed April 14, 2006).  Petitioner is currently confined

08 at the Washington State Penitentiary in Walla Walla, Washington.

09     Petitioner filed the above-mentioned amended petition on September 22 and October

10 11, 2006.  Dkt. Nos. 14, 18.  The petition and full record in this case are now before the Court.

III.   DISCUSSION

12     A.     Petitioner Has Failed to Name a Proper Respondent

13     Petitioner has again failed to name a proper respondent.  In order for this Court to have

14 *in personam* jurisdiction over a § 2254 petition, a petitioner must name the state officer having

15 custody of him as the respondent to the petition.  *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35

16 (2004); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (citations

17 omitted); *see also* Rules Governing Section 2254 Cases in the United States District Courts

18 2(a).  For inmates, this person is typically the warden of the facility in which the petitioner is

19 incarcerated.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Stanley*, 21 F.3d at

20 359.  In the instant petition, petitioner names as a respondent only the Washington State

21 Penitentiary.  Dkt. Nos. 14, 18.  While the naming of a proper respondent is, in most cases, an

22 easy-to-cure deficiency, the Court notes that the next defect is not.

23     B.     Petitioner Has Failed to Exhaust His State Court Remedies

24     In order for a federal district court to review the merits of a § 2254 petition for writ of

25 habeas corpus, the petitioner must first exhaust his state court remedies.  28 U.S.C.

26 § 2254(b)(1)(A); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005).  A habeas

REPORT AND RECOMMENDATION
PAGE -  2

01 petitioner must present his federal claims to state court in order to give the state the

02 opportunity to correct violations of its prisoners' federal rights.  The exhaustion requirement is

03 satisfied when the petitioner either (1) fairly and fully presents each of his federal claims to the

04 state's highest court, or (2) demonstrates that no state remedies are available to him.  *Johnson*

05 *v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996).  A petitioner fairly and fully presents a claim if he

06 submits it "(1) to the proper forum, (2) through the proper vehicle, and by providing the proper

07 factual and legal basis for the claim."  *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir.

08 2005) (emphasis added) (internal citations omitted); *see also Gray v. Netherland*, 518 U.S.

09 152, 162-63 (1996) (indicating that exhaustion requires petitioners to make "reference to a

10 specific federal constitutional guarantee, as well as a statement of the facts that entitle the

11 petitioner to relief").

12          Here, petitioner has failed to demonstrate that he has fully and fairly exhausted his

13 federal claims in state court.  Unexhausted claims are not cognizable in a federal habeas corpus

14 action.  *Fields v*, 401 F.3d at 1020.  While petitioner correctly notes that an appeal is currently

15 pending before the Washington Court of Appeals, he provides no reason why this Court should

16 consider the instant habeas petition concurrently with the state court's consideration of his

17 appeal.  In addition to the statutory bar against consideration of an unexhausted habeas petition,

18 see *id.*, the Ninth Circuit has explained that a district court should not entertain a collateral

19 attack on a conviction while other remedies are pending because to do so would thwart judicial

20 economy.  *United States v. Deeb,* 944 F.2d 545, 548 (9th Cir. 1991); *see also Sherwood v.*

21 *Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) ("[A] would-be habeas corpus petitioner must

22 await the outcome of his [state court] appeal before his state remedies are exhausted.").

23 Accordingly, the Court concludes that the instant habeas petition is premature and should be

24 dismissed without prejudice.

25

26

REPORT AND RECOMMENDATION
PAGE -  3

IV.   CONCLUSION

Because petitioner has failed to fully and fairly exhaust his state court remedies, the Court recommends that his 28 U.S.C. § 2254 petition be DISMISSED without prejudice as premature.  A proposed order accompanies this Report and Recommendation.

DATED this 24th day of October, 2006.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -  4